# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

CRAIG THOMAS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-30505-04

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case for which Defendant faces a minimum sentence of 30 years. Defendant is an unemployed 24 year old male with a ninth grade education who is single, with family ties to this District. He was on parole following an April 14, 2006 conviction of Attempted Controlled Substance Delivery and Manufacturing of Narcotics/Cocaine less than 50 grams when he was arrested and charged in the instant case with Conspiracy to Possess with Intent to Distribute Controlled Substances in the United States.  (CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 18, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant has had multiple contacts with law enforcement.  On February 1, 2001 he plead guilty to Receiving Stolen Property over $1000 but less than $20,000 and was sentenced on April 21, 2003 to two years probation.  He was discharged WITHOUT IMPROVEMENT on March 21, 2005.

On March 4, 2003, one month before he was sentenced in his previous case, Defendant plead guilty to two counts of Controlled Substance Delivery/Manufacturing of Narcotics/Cocaine less than 50 Grams.  He was sentence to two years probation on April 21, 2003 and was discharged WITHOUT IMPROVEMENT on March 21, 2005.

On April 14, 2006 Defendant was tried and found guilty of Attempted Controlled Substance Delivery/Manufacturing of Narcotics/Cocaine less than 50 Grams.  He was sentenced to one to five years custody on June 8, 2008 and was released on parole on April 24, 2008, after serving two years in custody.

On April 21, 2006 Defendant plead guilty to Felony Firearms, and was sentenced to two years custody on June 8, 2006.  He was released on parole on April 24, 2008.

Due to the instant charges, a parole detainer has been lodged against the Defendant according to contact with the Michigan Department of Corrections.

In the instant case, Defendant is alleged to be part of a conspiracy involving multiple persons to transport more than 5000 MDMA pills from Canada into the United States for distribution.  Two of his associates, Ms. Cooper and Ms. Johnson, were stopped at the Ambassador Bridge.  Upon being told that she was going to be patted down for hidden drugs on her person, Cooper told the officer that she had contraband on her body.  Cooper then removed a plastic bag with multicolored pills from under her shirt, and told the officers that her friend Johnson also was carrying hidden drugs on her person.  Johnson then pulled a bag out from under her shirt that also
contained multi-colored pills, which were then field tested and determined to be MDMA.  Cooper was found to be carrying approximately 3030 pills (.91 kilos) in three separate Ziploc bags which were stuffed into one vacuum sealed bag and Johnson had approximately 2013 pills (.61 kilos) on her person, the combined weight of which was 1.52 kilos and the combined amount of which was 5043 pills.

Cooper and Johnson were then asked if they would cooperate and deliver the pills to their intended destination and they agreed.  Cooper then made a cell phone call to "Boogy" (Dartanian Davis) and told him that her car was being x-rayed by CBP and that although neither she nor Johnson had been personally examined by the officers, they would not be able to leave for another hour or so.

Next a controlled delivery ensued, involving Johnson and Cooper, and DHS/ICE SAC Detroit Contraband Smuggling Group.  During the controlled delivery at a Popeye Restaurant on

Livernois in Detroit, a male subject, Arthur Beckley, exited the gold Ford Taurus driven by Defendant Thomas and entered the back seat of the vehicle driven by Johnson and Cooper. The Ford Taurus, driven away by Defendant Thomas at speeds as high as 100 mph, was subsequently located by ICE agents and the Defendant was placed under arrest.

During their interviews, both Johnson and Cooper made statements that they knew that they were transporting illegal narcotics from Canada to the US for Defendant Thomas, Boogy, and Beckley, and that they were to be paid $1200 for the trip.

Defendant Thomas initially stated that he was not involved with the activities of his associates and not involved with their smuggling of MDMA from Canada to the US. Then shortly thereafter Thomas admitted in his interview that he was part of the scheme to smuggle the MDMA from Canada over to the US, and that he helped Beckley retrieve the pills by taking him to the area where the girls were waiting to hand over the pills, and dropped him off while driving Johnson's car.

Defendant argues for a bond and his third party release to his brother and his wife in their home with their three children, ages 8, 5 and 1. The Court finds that this Defendant is not a candidate for bond, and that third party custody to this home is not appropriate. This is a statutory presumption case, and Defendant has not rebutted the presumptions of danger and flight. Because of Defendant's prior drug offenses/convictions he is facing a maximum 30 year sentence. Defendant was recently placed on parole on April 24, 2008 and has violated his parole by being charged in the instant matter. Defendant has now failed to comply with the conditions of parole. This Court has no confidence that this Defendant would be able to comply with conditions of bond, should bond be granted. The Court finds that this Defendant is a danger to the community,
that his criminal and supervision history render him a bond risk, that his inability to comply with conditions of his parole translates directly with his inability to comply with conditions of bind, and that no bond or conditions of bond would reasonably assure the Defendant's appearance at court or the safety of the community. Detention is Ordered.